**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK DeHERRERA,

      Petitioner – Appellant,

v.

TIM LeMASTER,

      Respondent – Appellee.

No. 06-2135
(D.C. No. 03-1020 MCA/RLP)
(D. N.M.)

## ORDER DENYING A CERTIFICATE
## OF APPEALABILITY

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Patrick DeHerrera, a state prisoner, seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS**.

A jury convicted DeHerrera of first degree felony murder, conspiracy to commit armed robbery, attempt to commit armed robbery, bribery of a witness, and conspiracy to commit bribery of a witness. He was sentenced to life in prison plus nineteen and one-half years. The New Mexico Supreme Court affirmed his convictions on direct appeal. DeHerrera then filed a state habeas claim, which was denied. Having exhausted his state remedies, DeHerrera filed a § 2254

petition in federal district court. The district court dismissed his petition and denied a COA. He now seeks a COA from this court.[1]

Under AEDPA, a petitioner is entitled to habeas relief only if a state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A federal court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000). We review a district court's legal analysis of a state court decision de novo. Turrentine v. Mullin, 390 F.3d 1181, 1189 (10th Cir. 2004).

---

[1] DeHerrera's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires DeHerrera to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied DeHerrera a COA, he may not appeal the district court's decision absent a grant of COA by this court.

DeHerrera advances three claims for habeas relief: (1) The trial court erred in finding that he waived his right to remain silent under <u>Miranda v. Arizona</u>, 384 U.S. 436, 476 (1966); (2) The trial court erred in limiting the cross-examination of a prosecution witness; and (3) The combination of these mistakes constitutes non-harmless cumulative error.

Focusing on three statements made to him by Albuquerque Detective Doug Shawn, DeHerrera argues that the waiver of his <u>Miranda</u> rights was involuntary. First, Shawn told DeHerrera that witness Beverly Young was "scared to death of you," which was apparently false. Second, Shawn stated "I know you're not the shooter. We can help you out. This is the last chance you're gonna have to help yourself out." Finally, Shawn informed DeHerrera that "it looks like it could be a death penalty case," but immediately added, "if you didn't do it, there's no reason you're going to prison." DeHerrera denied any knowledge of the crime in question before and after he was read his <u>Miranda</u> rights.

<u>Miranda</u> admonishes that "any evidence that the accused was threatened, tricked, or cajoled into a waiver will, of course, show that the defendant did not voluntarily waive his privilege." 384 U.S. at 476. The New Mexico Supreme Court determined that Shawn's conduct was not coercive. The district court agreed, noting that DeHerrera steadfastly denied any involvement in the events at issue. This holding is neither contrary to, nor an unreasonable application of, federal law.

- 3 -

DeHerrera next argues that his Sixth Amendment right to confront witnesses was violated when the district court limited the cross-examination of Phixay Detvongsa, a prosecution witness. At the scene of the crime, Detvongsa gave police a false name because there were outstanding warrants for his arrest. These warrants were quashed before trial. On cross-examination, Detvongsa stated that he had an outstanding warrant for driving while intoxicated. DeHerrera's counsel attempted to ask Detvongsa about a prior interview in which he averred that he had a theft warrant outstanding. The trial court ruled that counsel could ask the question but could not present extrinsic evidence contradicting Detvongsa's answer. Although counsel declined to pursue that line of inquiry, Detvongsa later admitted to having an outstanding felony warrant. The trial court also prevented DeHerrera's counsel from asking Detvongsa about a statement he made to his girlfriend – that he did not see the crime because he was in his car. However, Detvongsa's girlfriend later testified to this conversation.

The combined effect of these limitations, DeHerrera argues, was to prevent him from effectively challenging Detvongsa's credibility. We review limits on cross-examination "to determine whether the jury had sufficient information to make a discriminating appraisal of the witness' motives and bias." United States v. Bindley, 157 F.3d 1235, 1240 (10th Cir. 1998). Although he was prevented from fully exploring the issue, DeHerrera was able to argue to the jury that Detvongsa fabricated his testimony in exchange for having his warrants quashed.

Similarly, evidence that Detvongsa made statements to his girlfriend that conflicted with his testimony was introduced, just not in the manner DeHerrera would have preferred. The trial court's application of federal law in limiting Detvongsa's cross-examination was in no way unreasonable. See United States v. Gault, 141 F.3d 1399, 1403 (10th Cir. 1998) ("The trial court retains broad discretion to limit cross-examination to prevent, among other things, undue prejudice and confusion of the issues.").

Because we find that DeHerrera's Miranda and confrontation arguments do not provide grounds for habeas relief, we do not reach his cumulative error claim.

For the foregoing reasons, DeHerrera's request for a COA is **DENIED** and his appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge